**CLEARY GIACOBBE ALFIERI JACOBS, LLC**
Attorneys at Law
169 Ramapo Valley Road
Upper Level – Suite 105
Oakland, New Jersey 07436
Telephone: (973)845-6700
Facsimile: (201)644-7601
Anthony P. Seijas, Esq.
aseijas@cgajlaw.com
Attorneys for Defendants, Borough of Hasbrouck Heights and Police Chief Michael Colaneri

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTOPHER TERRANOVA, As a parent and a legal guardian of his minor children, C.T. and G.T., <br><br> Plaintiff <br><br> -against- <br><br> BOROUGH OF HASBROUCK HEIGHTS, HASBROUCK HEIGHTS SCHOOL DISTRICT POLICE CHIEF MICHAEL COLANERI in his individual and official capacities, OFFICER HAROLD VAN WINKLE, in his individual and official capacities, DR. MATTHEW HELFANT, in his individual and official capacities, <br><br> Defendants. | Civil Action No. 2:19-cv-12515-JMV-JAD <br><br> **ANSWER, SEPARATE DEFENSES, CROSSCLAIM FOR CONTRIBUTION AND INDEMNITY AND JURY DEMAND** |

The Defendants, Borough of Hasbrouck Heights and Police Chief Michael Colaneri, in Answer to the Complaint filed by the Plaintiff, Christopher Terranova, as a parent and a legal guardian of his minor children, C.T. and G.T., says as follows:

**INTRODUCTION**

1. This is not an allegation but a description of the lawsuit and not a factual allegation and therefore same is neither admitted nor denied.

2. Admit that 42 U.S.C. §1983 and the Eighth and Fourteenth Amendments of the United States Constitutional claims have federal court jurisdiction.

3. The allegations set forth in paragraph 3 of Plaintiff's Complaint call for a legal conclusion to which no response is required and therefore Defendants deny same and leave Plaintiff to his proofs.

4. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 4 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

5. Admit.

6. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 6 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

7. Admit that the Defendant Borough of Hasbrouck Heights is a municipality within the State of New Jersey and that its

police department is a subdivision thereof that employs the police officers of Hasbrouck Heights whose headquarters are located at 248 Hamilton Avenue, Hasbrouck Heights, New Jersey. This defendant denies the remainder of Plaintiff's characterization of paragraph 7 contained therein.

8. Admit that Defendant Police Chief Michael Colaneri is the Chief of Police for the Borough of Hasbrouck Heights and as such is the commanding officer of that department but deny the balance of the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Admit.

10. Defendant makes no response to the allegations contained in paragraph 10 of Plaintiff's Complaint as these allegations are not directed to Defendant but insofar as said allegations may be deemed to apply, the same are denied.

11. Defendant makes no response to the allegations contained in paragraph 11 of Plaintiff's Complaint as these allegations are not directed to Defendant but insofar as said allegations may be deemed to apply, the same are denied.

12. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 12 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

13. Admit there was an Agreement and the Agreement speaks for itself.

14. The Agreement speaks for itself.

15. Admit the first sentence of paragraph 15. Also admit that while on duty Officer Van Winkle was subject to applicable laws and police policies. However, deny as to remainder.

16. Admit.

17. Denied.

18. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

19. Admit that Officer Van Winkle assigned to Lincoln Elementary School in or around November of 2018.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 24 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Admit that Officer Van Winkle was given a waiver as per New Jersey Law but deny as to the remainder.

32. Admit that in August of 2018, Officer Van Winkle was still permitted to obtain State mandated training.

33. Admit that in August of 2018, Officer Van Winkle was still permitted to obtain State mandated training.

34. Admit that Officer Van Winkle attended the State mandated training in April of 2019.

35. Deny as to these Defendants.

36. Deny as to this Defendant.

37. Deny as to this Defendant.

38. Deny as to this Defendant.

39. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in Count 39 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

40. Deny insofar as being returned to duties within the

Hasbrouck School District.

    41. Deny as to these Defendants.

    42. Deny as to these Defendants.

    43. Deny as to these Defendants.

    44. Admit that Officer Van Winkle was scheduled, deny as to remainder.

    45. Defendant makes no response to the allegations contained in paragraph 45 of Plaintiff's Complaint as these allegations are not directed to Defendant but insofar as said allegations may be deemed to apply, the same are denied.

    46. Admit.

**COUNT I**
**PLAINTIFF, on behalf of C.T. and G.T.**
**v. DEFENDANT VAN WINKLE**
<u>**VIOLATIONS OF 42 U.S.C. 1983**</u>
<u>**Excessive Use of Force**</u>

    47. Defendants repeat their responses to each of the foregoing allegations and incorporates same herein as though set forth at length.

    48. Denied.

    49. Denied.

    50. Denied.

    51. Denied.

    52. Denied.

    53. Denied.

54. Denied.

## COUNT II
### PLAINTIFF, on behalf of C.T. and G.T., v. ALL DEFENDANTS
### VIOLATIONS OF 42 U.S.C. 1983

55. Defendants repeat their responses to each of the foregoing allegations and incorporates same herein as though set forth at length.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## COUNT III
### PLAINTIFF, on behalf of C.T. and G.T., v. ALL DEFENDANTS
### NEW JERSEY CIVIL RIGHTS ACT

64. Defendants repeat their responses to each of the foregoing allegations and incorporates same herein as though set forth at length.

65. Denied.

66. Denied.

**SEPARATE DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Complaint is barred by the applicable Statute of Limitations.

3. The Complaint is barred, in whole or in part, by the doctrine of Election of Remedies.

4. The Complaint is barred by virtue of the doctrines of waiver, equitable estoppel, collateral estoppel, res judicata, entire controversy and/or laches.

5. Plaintiff's Complaint is barred by virtue of insufficiency of process and insufficiency of service of process.

6. Plaintiff's Complaint is barred by virtue of lack of subject-matter jurisdiction.

7. Plaintiff's Complaint is barred by virtue of lack of personal jurisdiction.

8. Plaintiff's Complaint is barred by virtue of improper venue.

9. The Complaint is barred by the doctrine of unclean hands.

10. Plaintiff failed to exhaust administrative remedies.

11. Plaintiff failed to mitigate his alleged damages.

12. Defendants breached no duty or obligation owed to Plaintiff.

13. Defendants performed each and every duty owed to Plaintiff.

14. Defendants specifically deny that Plaintiff was injured in any manner by the negligence or carelessness of the Defendants, and specifically deny that any injuries that Plaintiff may have sustained were proximately caused, either directly or indirectly, by the negligence and carelessness of Defendants in any manner.

15. Defendants say that any damages suffered by Plaintiff as a result of the circumstances plead in Plaintiff's Complaint were the direct result of Plaintiff's failure to take reasonable action to prevent damages.

16. The acts and/or injuries complained of in the Complaint were caused and/or contributed to by the acts of third person(s) and/or entities over which Defendants had no control.

17. Defendants are entitled to a set-off and/or a reduction of any damage award pursuant to N.J.S.A. 2A:15-97, et seq., and N.J.S.A. 2A:15-5.2.

18. At all times relevant hereto, Defendants complied with all federal, state and local statutes, regulations and/or ordinances in effect.

19. Plaintiff's claims are barred by virtue of an intervening cause relieving Defendants of responsibility.

20. Defendants are not liable for punitive damages.

21. Plaintiff is not entitled to an award of attorney's fees as to any of the statutory claims set forth in the Complaint, as Plaintiff will not be the prevailing party as to these claims.

22. Defendants affirmatively and specifically plead each and every defense, limitation, immunity and protection provided under the New Jersey Tort Claims Act, N.J.S.A. 59:1 *et seq.* and hereby place Plaintiff on notice that each such statutory protection is hereby raised as a separate and affirmative defense throughout every stage of this case.

23. Plaintiff's common law claims and claims for punitive damages are barred by the application of the New Jersey Tort Claims Act, N.J.S.A. 59:1 *et seq*.

24. Plaintiff failed to comply with the Notice of Claims provisions of the New Jersey Tort Claims Act and, as a result thereof, is forever barred from making his common law claims based in tort.

25. Defendants are entitled to qualified and/or absolute immunity.

26. Defendants had probable cause to arrest Plaintiff.

27. Defendants employed reasonable force in effecting Plaintiff's arrest.

28. Defendants reserve the right to raise additional separate defenses, the existence of which may arise out of the discovery in this action.

29. Defendants hereby reserve the right to amend this Answer based upon discovery.

**PRAYER FOR RELIEF**

Wherefore, the answering Defendant demands that judgment be entered in his favor dismissing any and all claims asserted against him, awarding attorney's fees, interest, cost of suit and any other remedy the Court deems just and appropriate including, but not limited to, attorney's fees afforded to prevailing parties in the Applicable Civil Rights Act.

**CROSSCLAIMS**

Without admitting any liability herein, the Defendants Borough of Hasbrouck Heights and Borough of Hasbrouck Heights Police Chief Michael Colaneri, asserts that should liability be found against *said* Defendants they are entitled to contribution from the co-defendants, Hasbrouck Heights School District and Hasbrouck Heights School District Superintendent Dr. Matthew Helfant, pursuant to the provisions of the New Jersey Tortfeasor Contribution Law, N.J.S.A. 2A:53A-1 et seq., the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.

**SECOND CROSSCLAIM**

While these Defendants deny that they are negligent in any regard, they assert that their negligence, if any, was passive, vicarious and imputed, whereas the negligence of the co-defendants were active and primary. These Defendants assert that it is entitled to be indemnified and saved harmless from all loss or liability, including attorney's fees, defense costs and interest arising from the instant litigation by the co-defendants, pursuant to expressed and implied contractual agreement and pursuant to common law. Therefore, these Defendants demand judgment by way of indemnity against the co-defendants for any and all judgments which may be entered in favor of the plaintiff.

**REQUEST FOR ALLOCATION**

If any co-defendant(s) settle prior to trial, this defendant will seek an allocation of the percentage of negligence by the fact finder against the settling defendants. Defendants, Borough of Hasbrouck Heights and Police Chief Michael Colaneri will seek this allocation, whether or not they have formally filed a cross claim against the settling defendants. Defendants, Borough of Hasbrouck Heights and Police Chief Michael Colaneri will rely upon the examination and cross examination of Plaintiff's expert witnesses and any and all other witnesses at the time of trial in support of this allocation.

**DEMAND FOR DAMAGES**

Attorney for the Plaintiff is hereby required to furnish the undersigned within five (5) days with a written statement of the amount damages claimed in this action.

**JURY DEMAND**

Defendants demand a trial by jury on all issues.

                           **CLEARY GIACOBBE ALFIERI JACOBS, LLC**
                           Attorneys for Defendant

                           By: _/s/ *Anthony P. Seijas, Esq.*_
                                Anthony P. Seijas, Esq.

Dated: September 17, 2019

**DESIGNATION OF TRIAL ATTORNEY**

Anthony P. Seijas, Esq. is hereby designated as trial counsel for Defendants, Borough of Hasbrouck Heights and Police Chief Michael Colaneri in the within matter.

                           **CLEARY GIACOBBE ALFIERI JACOBS, LLC**
                           Attorneys for Defendant

                           By: _/s/ *Anthony P. Seijas, Esq.*_
                                Anthony P. Seijas, Esq.

Dated: September 17, 2019

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

I, Anthony P. Seijas, Esq., attorneys for Defendants, Borough of Hasbrouck Heights and Police Chief Michael Colaneri, in accordance with Loc. Civ. R. 11.2, certify, that to the best

of my knowledge, the matter in controversy in the above-captioned civil action is not the subject of any other action pending in any Court, or of any pending arbitration or administrative proceedings.

Pursuant to 28 U.S.C. §1764(s), I declare under punishment of perjury, that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                **CLEARY GIACOBBE ALFIERI JACOBS, LLC**
                                Attorneys for Defendant

                                By:  /s/ *Anthony P. Seijas, Esq.*
                                     Anthony P. Seijas, Esq.

Dated: September 17, 2019

### CERTIFICATION OF SERVICE

I, Anthony P. Seijas, Esq., hereby certify that a copy of the within Answer, was e-filed with:

    William T. Walsh, Clerk
    United States District Court
    District of New Jersey
    Martin Luther King Jr., Federal Bldg. & US Courthouse
    50 Walnut Street, Room 5083
    Newark, New Jersey 07102

    Attorneys for all other Parties, via e-filing/pacer.

                                **CLEARY GIACOBBE ALFIERI JACOBS, LLC**
                                Attorneys for Defendant

                                By:  /s/ *Anthony P. Seijas, Esq.*
                                     Anthony P. Seijas, Esq.

Dated:  September 17, 2019