**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTOPHER TERRANOVA, As a parent and a legal guardian of his minor children, C.T. and G.T.,<br><br>Plaintiff<br><br>-against-<br><br>BOROUGH OF HASBROUCK HEIGHTS, HASBROUCK HEIGHTS SCHOOL DISTRICT POLICE CHIEF MICHAEL COLANERI in his individual and official capacities, OFFICER HAROLD VAN WINKLE, in his individual and official capacities, DR. MATTHEW HELFANT, in his individual and official capacities,<br><br>Defendants. | Civil Action No.<br><br>2:19-cv-12515-JMV-JAD<br><br>Hon. Joseph A. Dickson, USMJ<br><br>**JOINT DISCOVERY PLAN** |

1. Set forth a brief description of the case, including the causes of action and defenses asserted:

Plaintiff:

Plaintiff Christopher Terranova filed this action on behalf of his minor children, C.T. and G.T., on May 14, 2019. C.T. and G.T. were at all times material students assigned to Lincoln Elementary School, within the Hasbrouck Heights School District. The defendants are the Hasbrouck Heights School District (HHSD), HHSD Superintendent Matthew Helfant, the Borough of Hasbrouck Heights ("Borough"), Borough Police Chief Michael Colaneri, and Borough Class III Police Officer Harold Van Winkle.

Plaintiff alleges that Defendant Van Winkle used excessive force under the Fourth Amendment against Plaintiff's minor children while assigned to Lincoln Elementary. Plaintiff thus brings claims under 42 U.S.C. 1983 and the parallel New Jersey Civil Rights Act against all defendants.

The claim against Van Winkle is for excessive force. The claims against the School District, its superintendent, the Borough, and its police chief arise out of their respective failure to supervise, train, or discipline Van Winkle, under the Fourth and Fourteenth Amendments, even in the face of multiple incidents of excessive force and improper conduct towards students.

<u>Defendant</u>: Borough of Hasbrouck Heights and Police Chief Michael Colaneri

Plaintiffs allege that this is an excessive force case against a retired police officer Harold Van Winkle (represented by Albert Buglione, Esq.) who was serving in his capacity as a school officer when this incident occurred. Plaintiffs are minors who alleged that the officer used excessive force in reprimanding them. Defendants deny all of these allegations.

<u>Defendants</u>: Hasbrouck Heights School District and Dr. Matthew Helfant

Plaintiff alleges that the civil rights of his two children, C.T. and G.T., were violated by Defendant, Officer Harold Van Winkle, by the alleged use of excessive force at Lincoln Elementary School where the minors were students. The claims against the school district and its Superintendent, Dr. Helfant, are strictly based upon Section 1983 (and the New Jersey Civil Rights Act) governmental (*Monell*) liability and supervisory liability, primarily alleging a failure to train. However, Officer Van Winkle was not a district employee; rather, he was employed by the Hasbrouck Heights Police Department and subject to its rules, regulations, and training. Defendants deny liability and have filed a 12(b)(6) motion to dismiss, which is currently pending.

2. Have settlement discussions taken place?   Yes\_\_\_\_\_   No **X**

   If so, when?_____

   (a) What was plaintiff's last demand?

       (1) Monetary demand: $ **n/a**
       (2) Non-monetary offer _____

   (b) What was defendant's last offer?

       (1) Monetary demand: $ **n/a**
       (2) Non-monetary offer: _____

3.  The parties [have _____ have not __**X**__] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

    The parties are in the process of gathering documents and drafting their initial disclosures to be finalized.

4.  Describe any discovery conducted other than the above disclosures.  **None yet.**

5.  Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

    Defendants Hasbrouck Heights School District and Dr. Helfant filed a motion to dismiss pursuant to Rule 12(b)(6), and the motion has a current return date of October 21, 2019.

6.  The parties proposed the following:

    (a)  Discovery is needed on the following subjects:

         i.   The happening of the alleged incidents;

         ii.  Officer Van Winkle's employment history and training;

         iii. Defendants' knowledge regarding the alleged incidents; and

         iv.  All damages claimed by plaintiff.

         v.   Monell claims

    (b)  Should discovery be conducted in phases?___Once fact discovery is completed, an interim settlement conference may be fruitful to determine the relative positions of the parties and whether early dispute resolution is possible before significant costs are expended on experts.

         Plaintiff believes that a settlement conference may be fruitful after most if not all discovery has been completed.

    (c)  Number of fact; then expert Interrogatories by each party to each other party:___**25**_____

    (d)    Number of Depositions to be taken by each party:

            <u>Plaintiff's Position</u>: 10

            <u>Defendants' Position</u>: 5

    (e)    Plaintiff's expert report due on **10/15/20**.

    (f)    Defendant's expert report due on **11/30/20**.

    (g)    Motions to Amend or to Add Parties to be filed by **12/15/19**.

    (h)    Dispositive motions to be served within **30** days of completion of discovery.

    (i)    Factual discovery to be completed by **8/15/20**.

    (j)    Expert discovery to be completed by **12/31/20**.

    (k)    Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

            As this matter involves individuals who are minors, including those who may not be a party to the action, it may be necessary for the court to enter an order that permits the release of student records and enter a discovery confidentiality order with respect to such documents and testimony about the minor individuals.

    (l)    A pretrial conference my take place on _____.

    (m)    **Trial by jury** or non-jury Trial? **Jury**

    (n)    Trial date: To be determined_____.

7.    Do you anticipate any discovery problem(s) Yes **X** No ___ If so, explain.

<u>Defendants</u>: If there are any police reports or investigations involving minors, a court order may be needed to release any records maintained by the police department and/or prosecutor's office.

<u>Plaintiff</u>: Plaintiff is amendable to an Appendix S confidentiality order.

8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of state witnesses or documents, etc.)? Yes_____ No __**x**____
If so, explain.

9. State whether this case is appropriate for voluntary arbitration (pursuant to L.Civ.R 201.1 or otherwise), mediation (pursuant to L.Civ.R 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.)

    This matter is appropriate for non-binding methods of ADR. Plaintiff believes that this should not take place until after most – if not all – fact discovery is completed.

10. Is this case appropriate for bifurcation?  Yes__**X**___ No____

    The civil rights claims against the governmental agencies, Dr. Helfant, and Chief Colaneri should be severed from the claims against Officer Van Winkle because proof of a constitutional violation against the individual officer (Van Winkle) is required before bringing a claim against the municipalities. See City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S. Ct. 1571 (1986).
    ***Plaintiff objects to bifurcation.***

11. We [do____ do not **x** ] consent to the trial being conducted by a Magistrate Judge.

Respectfully submitted,


*s/ Ryan M. Lockman*
Ryan M. Lockman, Esq.
Attorney for Plaintiff



*s/ Anthony P. Seijas*
Anthony P. Seijas, Esq.
Cleary Giacobbe Alfieri Jacobs LLC
Attorney for Defendants,
Borough of Hasbrouck Heights and
Police Chief Michael Colaneri



*s/ Albert C. Buglione*
Albert C. Buglione, Esq.
Attorney for Defendant, Officer
Harold Van Winkle



*s/ Jeffrey L. Shanaberger*
Jeffrey L. Shanaberger, Esq.
Attorney for Defendants,
Hasbrouck Heights School District
and Dr. Matthew Helfant